■ In the Matter of MARTIN P. WINSOR, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, Petitioner. [886 NYS2d 843]—

Per Curiam. Respondent was admitted to practice by this Court in 1982. He maintains an office for the practice of law in the Town of Edmeston, Otsego County.

Having granted a motion by petitioner for an order declaring that no issues are raised by the pleadings herein (*see* 22 NYCRR 806.5) and having considered respondent's plea in mitigation set forth in his answer to the petition, we now find respondent guilty of the professional misconduct as charged and specified. Respondent neglected an appeal in this Court as assigned Law Guardian, failed to respond to communications from this Court regarding the appeal, and failed to cooperate with petitioner's investigation, in violation of Code of Professional Responsibility DR 1-102 (a) (5) and (7) and DR 6-101 (a) (3) (22 NYCRR 1200.3 [a] [5], [7]; 1200.30 [a] [3]).*

Under the circumstances presented, including respondent's disciplinary history (*see e.g. Matter of Winsor*, 290 AD2d 876 [2002]) and the nature of the instant misconduct, we conclude

---

* All references are to the former Disciplinary Rules of the Code of Professional Responsibility which were in effect prior to the April 1, 2009 enactment of the Rules of Professional Conduct.

that respondent should be suspended from the practice of law for a period of two years, but we stay the suspension upon the following conditions: (1) respondent shall continue to submit to petitioner, until further order of this Court, semiannual reports by his treating psychiatrist assessing his continuing capacity to practice law (see id.) and (2) respondent shall, within one month of the date of this decision, submit an application to the New York State Bar Association's Lawyer Assistance Program. Respondent shall advise petitioner of the disposition of said application, or submit documentation of his current participation in the program and thereafter comply with the provisions of any Lawyer Assistance Program agreement into which he enters or has entered. Any failure to meet these conditions shall be reported by petitioner to the Court. After the expiration of the two-year suspension period, respondent may apply to this Court for termination of the suspension. Any such application shall be served upon petitioner, which may be heard thereon (see e.g. Matter of Jensen, 275 AD2d 579 [2000]).

Cardona, P.J., Mercure, Lahtinen, Malone Jr. and Stein, JJ., concur. Ordered that respondent is found guilty of professional misconduct as charged and specified in the petition of charges; and it is further ordered that respondent is suspended from the practice of law for a period of two years, effective immediately, and until further order of this Court, which suspension is stayed upon the terms and conditions set forth in this Court's decision.